## Stella C. Moore's Appeal.

1. Where fractional parts of the same judgment debt are successively assigned to different persons, and the proceeds of the sale of the property bound by the judgment are insufficient to pay them all, they take *pro rata*, and not in the order of their assignment.

2. After the plaintiff in a judgment had assigned certain portions thereof to different persons he assigned the residue to the appellant, in these words, " February 9th 1878, for a valuable consideration I hereby assign the balance of this judgment unassigned to Stella C. Moore, being the amount due and unpaid after the above and foregoing assignments." The court below construed this language to mean that the sums previously assigned should be fully paid before the appellant was entitled to any of the proceeds. *Held,* that this was error : that the plain import of the language was to assign all that part of the judgment not previously assigned, and that the appellant was entitled to share *pro rata* in the distribution.

3. Donley *v.* Hays, 17 S. & R. 400 ; Perry's Appeal, 10 Harris 43 ; Hancock's Appeal, 10 Casey 155, followed.

November 26th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON and TRUNKEY, JJ. STERRETT and GREEN, JJ., absent.

Appeal from the Court of Common Pleas of *Mercer county :* Of October and November Term 1879, No. 297.

Appeal of Stella C. Moore from the decree of the court in the distribution of the proceeds of the sheriff's sale of the real estate of James D. Moore.

At No. 32 of August Term 1878, in the Common Pleas of Mercer county, a writ of fieri facias was issued against James D. Moore upon a judgment in said court in favor of James D. Moore, Jr., and James A. Stranahan, for the use of M. A. Mehard and against said James D. Moore, upon which the real estate of the defendant was sold by the sheriff on the 8th of August 1878, for the sum of $4970, and an auditor was appointed to make distribution of this fund. After the payment of costs the balance of the fund for distribution was $4861.25. The first lien upon the fund was a judgment in favor of Oliver Alexander for the sum of $375.19. The remainder of the fund was shared pro rata by the following three judgments, viz. : judgment in favor of Johnson Pearson and J. D. Moore, Jr., use of First National Bank of Mercer, at No. 849 January Term 1876, which took $945.44; judgment in favor of J. D. Moore, Jr., and James A. Stranahan, at No. 864 January Term 1876, which took $802.50, and judgment in favor of J. Dun Moore, Jr., at No. 848 January Term 1876, which took $2735.62, applied to debt and interest, and $2.50 applied to costs, in all $2738.12, and which exhausted the fund.

The last-mentioned judgment, in favor of J. Dun Moore, Jr., which took $2735.62 of the fund, amounted to $7641.73, and was by the plaintiff, at different times prior to the sheriff's sale assigned

[Moore's Appeal.]

in fractional parts to various persons, and the question of this appeal was as to the rights of Stella C. Moore, one of the assignees and the appellant.     These assignments were as follows:

| | | | | |
|---|---|---|---|---:|
| April 7th 1876, To Noah Shipler | . | . | . | . $   800.00. |
| "    "    " Elmira Roberts | . | . | . | 239.35 |
| "    "    " Charlotte Lees | . | . | . | 160.00 |
| "    "    " Mrs. Thomas Walker | . | . | | 754.40 |
| "    "    " Thomas Walker | . | . | . | 318.00 |
| "    "    " Misses E. &. E. Alexander | | . | | 220.00 |
| "    "    " Richard Amon | . | . | . | 106.96 |
| "    "    " Margaret Amberson | . | . | | 74.00 |
| "    "    " J. G. Perry | . | . | . | 175.00 |
| "    "    " J. F. Wheeler | . | . | . | 74.00 |
| "    "    " Minor children of B. S. Sill, dec'd | | | | 203.00 |
| "    "    " Farmers' and Mechanics' National Bank of Mercer | . | . | . | 1000.00 |
| April 8th 1876, " O. L. Munger, cashier | | . | . | 748.37 |
| "    "    " Charles Lees | . | . | . | .110.00 |
| April 12th 1876, " R. R. Miles | . | . | . | ˜ 28.00 |
| Jan. 18th 1877, " First National Bank, Mercer | . | | . | 21.00 |

On the 12th of April 1877, at No. 53 April Term 1877, a writ of execution-attachment was issued at the suit of Thompson, Fry & Co., use of T. A. Courtney *v.* J. D. Moore, Jr., et al., defendants, and James D. Moore, garnishee, upon which judgment was obtained for the sum of $279.78.

On the 9th of February 1878, the plaintiff assigned the balance of the judgment at No. 848 January Term 1876, to the appellant, Stella C. Moore, which balance amounted to $1829.24, at that time, and which balance, deducting the amount for which judgment was afterward obtained upon the execution-attachment mentioned ($279.78) amounted to $1549.46.     The assignment to Stella C. Moore was in these words: "February 9th 1878, for a valuable consideration, I hereby assign the bal. of this judgment unassigned to Stella C. Moore, being the amount due and unpaid after the above foregoing assignments.

J. D. MOORE, JR.     [SEAL.]"

The auditor found as a fact upon the testimony, that all the words in said assignment following the words "Stella C. Moore" were added by a clerical error of the prothonotary's clerk, and were carelessly overlooked by the parties at the time.

The auditor also found as a fact that at the time said last-mentioned assignment was made, the said Stella C. Moore had knowledge of the prior assignments by the plaintiff as herein above stated.

The auditor appropriated to the assignment of Stella C. Moore

$765.86, its pro rata share of the money applicable to the judgment. Exceptions to the report were filed by the appellees.

Upon argument, the court below overruled the auditor; held that Stella C. Moore took no part of the fund until all previous assignments were paid in full and decreed distribution accordingly, in an opinion, inter alia, saying :

"The relative rights of lien-creditors are determined by the record as it was when the sale was made. They are, in law, presumed to have bidden, or refrained from bidding, on the faith of its then absolute verity. To hold that a lien-creditor can be raised by parol evidence after the sale of real estate, would render every known record lien-creditor insecure. Secret liens, like secret trusts, are abhorred by the law.

" Mrs. Moore's assignment, as shown by the record, was subject to the payment in full of all prior assignments of the judgment. That the prior assignees had any knowledge of the alleged clerical mistake of the scrivener in adding the following twelve words to her assignment, to wit : ' Being the amount due and unpaid after the above and foregoing assignments,' is not claimed by her, her attorneys or witnesses.

" The auditor ruled in her favor, not on what the record showed her assignment to be, but on what the parties intended it to be. As between her and her husband, his ruling was right, but as between her and the former assignees of her husband, it was wrong. With this view of the law, it is unnecessary to review the question as to whether the alleged clerical error was committed by the scrivener or not.

" Much as we regret it, we are compelled to decide that Mrs. Moore's assignment must be postponed until all the former ones and the Courtney attachment have been paid in full."

From this decree this appeal was taken.

*Edwin W. Jackson*, for appellant.—The judgment of this court in the case of Donley *v.* Hays, 17 S. & R. 400, rules that where fractional parts of the same mortgage-debt are successively assigned to different persons if the proceeds of the mortgaged property be insufficient to satisfy them all, they take *pro rata*, and not in the order of the assignments. This ruling has been expressly reaffirmed in Perry's Appeal, 10 Harris 45; Hancock's Appeal, 10 Casey 156, and other cases, and is unalterably established as the law. By these authorities, it is decided that the assignments made by J. D. Moore, Jr., to the appellees, on the 7th of April 1876, vested in each of them a certain fractional part of the judgment in question, and the right to receive a like part of the money distributed to it. It must be conceded that until the 9th of February 1878, the title to that part of the judgment now claimed by the appellant remained in the plaintiff, J. D. Moore, Jr., and had

no assignment to the appellant been executed, the money now claimed by her would have belonged to him—it could never have gone to the appellees. We cannot conceive how the assignment to the appellant can be construed an assignment to the appellees; how the law can write their names where hers now stands.

*Johnson Pearson* and *S. H. Miller*, for appellees.—We think that neither the case of Donley *v.* Hays, *supra*, nor any of the series of cases following it, rules the present one. In those cases the assignees took what was assigned to them. For instance, in Donley *v.* Hays, each assignee took that part of the money raised on the mortgage which answered to the bond which he held. No more being assigned to him he could take no more; and the assignment, in equity, of the one part of the mortgage through the assignment of one of the bonds, could not operate as an assignment of another part of the mortgage answering to another of the bonds. In the same way, in Perry's Appeal, the assignment of one of the several mortgages could not operate as an assignment of any other of the four mortgages, nor interfere with it in the distribution of the money made by the sale of the land which was held equally by all. And so of all the series of cases following Donley *v.* Hays. In all of them the portions assigned were separated and distinguished from one another, either by operation of law or the acts of the parties, and consequently partook of the fund as if they had been claims of entirely different parties.

In the present case the circumstances are essentially different. James D. Moore, Jr., held a judgment against his father, James D. Moore, Sr., for one entire sum of money. Different portions of this he assigned to different persons on the 7th day of April 1876, among others $1000 to the Bank of Mercer. By this assignment, which was filed of record on the day of its date, the bank became equitably entitled, by the act of the assignor, to receive that sum out of the moneys which should be made on the judgment. Mrs. Moore had actual notice of this assignment, and consequently of the equity existing in the bank. The assignment to her was made a year and a half after that to the appellees. It is submitted that she could not come in at that late date, and by collusion with her husband, divest the equitable rights granted to the former assignees.

Mr. Justice MERCUR delivered the opinion of the court, January 5th 1880.

This is a case of distribution. The fund was raised by a sheriff's sale of real estate. The contention is between persons who by assignments hold a part of the same judgment. The portion held by the appellant is the part that was transferred last by the plaintiff in the judgment.

It was held in Donley *v.* Hays, 17 S. & R. 400, that when fractional parts of the same mortgage-debt were successively assigned to different persons and the proceeds of the mortgaged property were insufficient to pay them all, they take pro rata, and not in the order of their assignments. · The authority of that case was recognised and affirmed in Perry's Appeal, 10 Harris 43, and again in Hancock's Appeal, 10 Casey 155. We see no reason for applying a different rule in case of the assignment of different parts of the same judgment. Every equitable principle in regard to the application of the fund applies with equal force, whether the lien divested be a judgment or a mortgage.

If we understand the opinion of the court below the case was ruled on the language of the assignment made to the appellant. After the plaintiff in the judgment had assigned certain portions thereof to different persons, he assigned the residue to the appellant by the following assignment: "February 9th 1878; for a valuable consideration, I hereby assign the balance of this judgment unassigned, to Stella C. Moore, being the amount due and unpaid after the above and foregoing assignments." The court construed this language to mean that the sums previously assigned should be fully paid, before the appellant was entitled to any of the proceeds. This we think was error. We discover nothing in the letter or in the spirit of the assignment reasonably leading to that conclusion. Describing the part assigned as "being the amount due and unpaid after the above and foregoing assignments" conveys no idea that the sums previously assigned shall first be paid. Its plain import is to assign all that part of the judgment not previously assigned. The reference to previous assignments is not to give them any preference in lien or payment, but merely for the purpose of declaring that the assignor transfers to the appellant all his remaining property in the judgment. The auditor found substantially as a fact, from parol evidence, that such was the intention of the parties to the assignment. We do not, however, think the case needs the aid of parol testimony to give the appellant a right to share, pro rata, with the persons who hold the parts previously assigned. The learned judge therefore erred in decreeing otherwise.

Decree reversed, and distribution directed to be made conformably with this opinion.